IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TERENCE TERELL BRYAN,**

       **Plaintiff,**

v.                                                    Civil action no. 1:07cv101
                                                      (Judge Keeley)

**U.S. DEPARTMENT OF JUSTICE;**
**MARK J. KAPPLEHOFF, Section Chief,**
**Criminal Section, Civil Rights Division;**
**DANIEL ROSENHOLTZ, Paralegal**
**Specialist, Criminal Section,**

       **Defendants.**

## REPORT AND RECOMMENDATION

On July 25, 2007, the plaintiff, initiated this case by filing a civil rights complaint against the above-named defendants. He also filed an Application for Leave to Proceed Without Prepayment of Fees, a Prisoner Trust Account Report, and a Consent to Collection of Fees from Trust Account. Although the plaintiff is a state inmate, the undersigned has treated this matter as one pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983 and authorized suits against federal employees in their individual capacities. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

**I. The Complaint**

In his complaint, the plaintiff alleges that during his incarceration at the Perry Correctional Institution, which is state correctional institution located in South Carolina, he was subjected to the

excessive use of mace because of the poor ventilation system at the facility. The plaintiff further alleges that he wrote the F.B.I. in November or December of 2006 apparently in an effort to have an investigation initiated regarding the use of mace. It appears that the plaintiff is dissatisfied with the response he received, and is now alleging that the named defendants' conduct evidences that they are guilty of cruel and unusual punishment, deliberate indifference, gross negligence and have violated his right to due process and equal protection. As relief, he requests $ 25,000 in damages and/or an order that the defendants investigate his claims regarding the Perry Correctional Institute and implement a new policy governing the investigation of inmate claims and improvement of inmate relations.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25,

---

[1] Id. at 327.

32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

**III. ANALYSIS**

**A. U.S. Department of Justice**

This action is being analyzed pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to §1983 so that individuals may bring a suit against a federal actor for violating a right guaranteed by the Constitution or federal law. However, a Bivens cause of action cannot be brought against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 486 (1994); Steele v. Federal Bureau of Prisons, 355 F. 3d 1204 (10th Cir. 2003). Accordingly, the Department of Justice is not a proper defendant and must be dismissed.

**B. Mark J Kappelhoff and Denzel Rosenholtz**

For a district court to assert personal jurisdiction over a nonresident defendant[2], two conditions must be satisfied. "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. Of Dirs. Of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). The West Virginia long-arm statute is contained in W.Va. Code §56-3-33(a).[3]

---

[2]The plaintiff has not supplied the Court with addresses for these two defendants. However, there are no employees of the FBI located in West Virginia by these names, nor are there any employees of the Department of Justice with these names located in West Virginia.

[3]This section provides as follows:
(a) The engaging by a nonresident, or by his or her duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of the subsection shall be deemed equivalent to an

3

The Southern District of West Virginia has succinctly stated as follows regarding personal jurisdiction:

> "[b]ecause the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary...to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather the statutory inquiry necessarily merges with the Constitutional inquiry. In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997).
>
> To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interest here would not "Offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Those minimum contacts necessary to confer jurisdiction are limited to those activities by which a person "purposely avails itself of the privilege of conducting activities within

---

appointment by such nonresident of the secretary of state, or his successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state, including an action or proceeding brought by a nonresident plaintiff or plaintiffs, for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:

(1) Transacting any business in this state;
(2) Contracting to supply services or things in this state;
(3) Causing tortious injury by an act or omission in this state;
(4) Causing tortious injury outside this state if he or she regularly does or solicits business, or engages in any persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state; Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(6) Having an interest in, using or possessing real property in this state; or
(7) Contracting to insure any person, property or risk located within this state at the time of contracting.

(b) When jurisdiction over a nonresident is based solely upon the provisions of this section, only a cause of action arising from or growing out of one or more of the acts specified in subdivision (1) through (7), subsection (a) of this section may be asserted against him or her.

> the forum state." Hanson v. Denckla, 357 U.S. 235, 253, 78 S,Ct. 1228, 2 L.Ed.2d 1283 (1958) see also In re Celotex, 124 F.3d at 628 (the minimum contacts must be "purposeful"). This occurs where the contacts "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed..2d 528 (1985)(emphasis in original), or where the defendant's efforts are "purposefully directed" at the state. Id. at 476, 105 S.Ct. 2174.

Vass v. Volva Trucks North America, Inc., 304 F. Supp.2d 851, 854 (S.D. W.Va. 2004).

With regard to the actions of these individual defendants, the plaintiff has failed to assert any contact by them with the State of West Virginia, much less the minimum contact necessary to satisfy the Due Process Clause. Thus, based on the information contained in the Complaint, the Court cannot exercise personal jurisdiction over these individuals as any action that took place appears not to have occurred anywhere in West Virginia, and there is no indication that these defendants had any contact with the State of West Virginia.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's Bivens complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** against the Department of Justice and **DISMISSED WITHOUT PREJUDICE** against the individual defendants for lack of personal jurisdiction. In addition, it is the undersigned's recommendation that the plaintiff's Motion for Leave to Proceed in forma pauperis (Dckt. 2) and Motion for Leave of Court to take depositions (Dckt. 7) be **DENIED** as moot.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this

5

Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested.

Dated: August 6, 2007

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE