IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA



TERENCE TERELL BRYAN,

    Plaintiff,

v. // CIVIL ACTION NO. 1:07CV101
(Judge Keeley)

U.S. DEPARTMENT OF JUSTICE;
MARK J. KAPPLEHOFF, Section Chief,
Criminal Section, Civil Rights Division;
DANIEL ROSENHOLTZ, Paralegal Specialist,
Criminal Section

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On July 25, 2007, the pro se plaintiff, Terence Terell Bryan ("Bryan"), filed a civil rights complaint, alleging that the United States Department of Justice (specifically the FBI) and named defendants failed to investigate his claim that mace was being used excessively at the South Carolina state prison where he is incarcerated. Bryan seeks an Order instructing the FBI to investigate his claim, implement a new policy governing the investigation of inmate claims and improvement of inmate relations. He is also demanding $25,000 in damages. On August 7, 2007, after an initial screening in accordance with Local Rule of Prisoner Litigation 83.01, et seq, Magistrate Judge James E. Seibert entered a Report and Recommendation ("R&R") concluding that Bryan's complaint should be summarily dismissed. The R&R recommended that the alleged cause of action against the Department of Justice be dismissed with prejudice and the causes of action against the other

named defendants be dismissed without prejudice. The Magistrate Judge also recommended that the plaintiff's Motion for Leave to Proceed in forma pauperis (Dckt. 2) and Motion for Leave of Court to take depositions (Dckt. 7) be denied as moot.

On August 16, 2007, Bryan objected to Magistrate Judge Seibert's recommendation, arguing that his cause of action should be construed as a "gross negligence" cause of action under "supplemental jurisdiction" instead of a <u>Bivens</u> cause of action. Bryan also argues that the FBI has an office in Clarksburg, West Virginia; thus jurisdiction in this Court would be proper. Despite Bryan's arguments to the contrary, this case is properly construed as one pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Because Bryan is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

## ORDER ADOPTING REPORT AND RECOMMENDATION

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

This Court has subject matter jurisdiction over this claim pursuant 28 U.S.C. § 1346(b)(1). This Court has personal jurisdiction[1] over the Department of Justice because offices of the Department of Justice are located in this state and it conducts business in West Virginia. See Burnham v. Superior Court of California, 495 U.S. 604, 610 (1990). A Bivens cause of action, however, cannot be brought against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 486 (1994). Accordingly, the Department of

---

[1] This Court analyzes personal jurisdiction in more detail later in this opinion.

Justice is not a proper defendant and must be dismissed with prejudice.

The plaintiff has not supplied this Court with the addresses for the two individual defendants. However, the defendants have established that there are no employees of the Department of Justice with these names located within West Virginia and this fact is uncontested by the plaintiff. Given that, for a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied. "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. of Dirs. of te First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001).

The West Virginia long-arm statute is contained in W.Va. Code 56-3-33(a). "[B]ecause the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary . . . to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather, the statutory inquiry necessarily merges with the Constitutional inquiry." In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997). Therefore, to satisfy constitutional due process, the defendant must have "sufficient minimum contacts" with West Virginia so that requiring it to defend

its interest here would not "offend traditional notions of fair play and substantial justice." <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).

With regard to the actions of the named individual defendants, Bryan has failed to assert any contact by them with the State of West Virginia, much less the minimum contacts necessary to satisfy the Due Process Clause. In Bryan's objections, he relies on the fact that the FBI has an office in Clarksburg, West Virginia. This fact, however, is irrelevant to determining minimum contacts with West Virginia of the individual defendants, here. Thus, based on the information contained in the Complaint, this Court cannot exercise personal jurisdiction over these individuals as, from the face of the complaint, any action complained of did not occur anywhere in West Virginia, and there is no evidence that these defendants have had any contact with the State of West Virginia.

The Court, thus, **ADOPTS** the Report and Recommendation in its entirety and **DISMISSES** the plaintiff's alleged cause of action against the Department of Justice **WITH PREJUDICE** and **DISMISSES** the other causes of action against the individual defendants **WITHOUT PREJUDICE** for lack of personal jurisdiction. In addition, the Court **DENIES AS MOOT** the plaintiff's Motion for Leave to Proceed in forma pauperis (Dckt. 2) and Motion for Leave of Court to take

depositions (Dckt. 7). The Clerk is ordered to **STRIKE** this case from the docket of this Court.

It is **SO ORDERED**.

The Clerk is directed to mail a copy of this Order to the pro se plaintiff, certified mail, return receipt requested.

Dated: September 28, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE